**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| DANIEL RUSSELL NIXON, | : | |
| Plaintiff, | : | Case No. 3:05CV00133 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| GARY WAYNE CRIM, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATIONS[1]**

Plaintiff Daniel Russell Nixon, brings this case *pro se* seeking relief under 42 U.S.C. §1983. Nixon's Complaint names Gary Wayne Crim, Attorney at Law, as the sole defendant. The Court previously granted Nixon's Application to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. §1915. This case is presently before the Court for a *sua sponte* review to determine whether Nixon's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief. If the Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2)(B).

Nixon explains in his Complaint that he is a defendant in a federal criminal case arising in the Southern District of Ohio in Case Number C-3-99-86(2). Nixon claims that his court-appointed attorney, Gary Crim has: (1) failed to protect his rights under the Fourth Amendment

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

to the U.S. Constitution, (2) failed to protect his right to a speedy trial under the Sixth Amendment, (3) failed to protect his right to bail under the Eighth Amendment, (4) failed to provide "assistance" to him in violation of his rights under the Sixth Amendment, (5) failed to protect his right to due process under the Fifth and Fourteenth Amendments, (6) and provided negligent representation in numerous ways described in the Complaint. (Doc. #6 at 5-8).

Nixon's Complaint seeks an award of monetary damages to compensate him for the money he paid Defendant and for each day he spent incarcerated from the date Defendant's representation began.

Attached to Nixon's Complaint is his letter to the Clerk of Court asking in part, "I would request that you make this Complaint filing part of my criminal docket, Jack L. Clark, *et al*., Defendant Daniel R. Nixon Case No. CR-3-99-86(2)...." Although Nixon seeks monetary damages by filing this civil case, his Complaint attacks the validity of his criminal case through the constitutional claims it seeks to raise. It also appears through the letter attached to the Complaint that Nixon seeks to bring his constitutional claims as part of his criminal case. In this regard, it is important to note that Nixon's criminal case is not yet final because he has not yet been sentenced.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) the United States Supreme Court held that "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a

writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §1983."

Plaintiff, as a federal prisoner, may file a petition to vacate, set aside or correct the sentence pursuant to Title 28 U.S.C. § 2255 if he seeks to raise any ineffective assistance of counsel claims upon the conclusion of the criminal case. *See, Massaro v. United States*, 123 S. Ct. 1690, 538 U.S. 500 (2003). Since Plaintiff is not "under sentence" so as to make § 2255 applicable, the instant complaint, fails to state a claim upon which relief may be granted because it is premature.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted


April 22, 2005

                                                  s/ Sharon L. Ovington
                                                     Sharon L. Ovington
                                                United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).